UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-61063-CIV-MARTINEZ-BANDSTRA

RICHARD FRESCO, *et al.*,

    Plaintiffs,

vs.

AUTO DATA DIRECT, INC., *et al.*,

    Defendants.
_____/

### ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CONDITIONAL SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, APPROVING AND DIRECTING NOTICE PLAN, AND APPOINTING NOTICE ADMINISTRATORS

THIS CAUSE came before the Court upon the Motion for Preliminary Approval of Proposed Settlement **(D.E. No. 411)**, which was filed by Plaintiffs and certain Defendants who wish to settle this case. The Court has carefully considered the motion and is otherwise duly advised. This Court held an hour-long status conference that was attended by representatives of all the parties as well as the proposed limited Texas intervenors.

In this action, Plaintiffs Richard Fresco, Carlos Barrett, Jeffrey Hy, Mary Ann Collier, Roy McGoldrick, Robert Pino, Kenneth Heretick, Russell V. Rosen, and Joel Levine (collectively, the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, assert claims against Defendants Automotive Directions, Inc., Experian Information Solutions, Inc., ChoicePoint Public Records Inc., ChoicePoint Inc., ChoicePoint Services Inc., ChoicePoint Precision Marketing Inc., eFunds Corporation, KnowX LLC, Reed Elsevier Inc., and Seisint, Inc (the

"Settling Defendants"),[1] for alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725.

This litigation was originally filed in state court in April 2003 and removed to this Court. After removal, eleven other DPPA cases were transferred to this Court and joined together when Plaintiffs collectively sued the Defendants in the First Amended Complaint. The First Amended Complaint sought injunctive relief on behalf of a class of all Florida drivers and motor vehicle record holders, actual damages, statutory liquidated damages, and attorneys' fees and expenses. Defendants denied each of the claims asserted against them in this action and deny any and all liability based on a number of defenses.

On November 23, 2005, the Court ordered the parties to mediation. On January 30, 2006, the Court approved Rodney A. Max, Esq. as the mediator. Mr. Max has years of experience mediating class actions and other complex litigation. The mediation was conducted over a period of nearly one year and involved numerous negotiation sessions among counsel and including the parties. (Max Aff. ¶¶ 12, 13.) Throughout the course of the mediation in 2006, the parties routinely updated the Court on the status of the prolonged mediation and their efforts to reach a settlement. Those efforts were ultimately successful and produced a proposed resolution of this litigation.

On December 20, 2006, Plaintiffs filed a Motion for Preliminary Approval of Proposed Settlement, which the Settling Defendants joined, together with a Second Amended Complaint extending the proposed injunctive relief to the benefit of drivers and motor vehicle record holders

---

[1] Defendants Acxiom Corporation and R.L. Polk & Co. are not participating in the proposed settlement and are excluded from the definition of Settling Defendants.

nationwide. In that motion, the Plaintiffs ask this Court to conditionally certify a settlement class, to appoint class counsel and lead class counsel, to approve and direct a notice plan, and to appoint notice administrators. After careful consideration of the Settlement Agreement, its exhibits, and the instant motion and supporting memorandum, the Court finds that the instant motion should be granted.

This Court FINDS and ORDERS as follows:

### A. Conditional Certification of Nationwide Settlement Class

Plaintiffs have moved the Court for conditional certification of a nationwide settlement class. Plaintiffs' original and first amended complaints sought certification of a statewide class of Floridians whose DPPA-regulated information was maintained by the Florida Department of Highway Safety and Motor Vehicles (DHSMV) in a motor vehicle record since the year 2000. Because the injunctive relief contemplated by the Settlement Agreement provides for nationwide benefits, the Settlement Agreement expands the Florida class to a nationwide class. Therefore, concurrent with the Settlement Agreement, the Plaintiffs filed a Second Amended Complaint seeking certification of a nationwide class action, with a class period that extends back to April 1, 1998, to cover claims within the DPPA's limitations period.

When the Court is presented with a proposed settlement prior to a decision on class certification, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b).

The Court holds that the conditional settlement class, which is estimated to include more than 200 million individuals, satisfies the numerosity requirement of Rule 23(a)(1). The Court further holds that the commonality requirement of Rule 23(a)(2) is met. Commonality is satisfied if there is "at least one issue affecting all or a significant number of proposed class members." *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Here, commonality is satisfied because the Settling Defendants obtained the settlement class members' DPPA-regulated information originating from motor vehicle records, and made that information available for later use and/or disclosure.

The typicality requirement of Rule 23(a)(3) is also met. Typicality is satisfied if the claims of the class representatives are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Here, there is a sufficient link between the claims of the Named Plaintiffs and those of the absent class members, because Settling Defendants obtained, used, or disclosed the DPPA-regulated information of all settlement class members.

The Court further holds that the Named Plaintiffs and their counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4). In reaching this determination, the Court has considered: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. *Fabricant*, 202 F.R.D. at 314.

The Court finds that the nine Named Plaintiffs have no interests that are adverse or antagonistic to the interests of the settlement class. Both the Named Plaintiffs and the settlement class members share the common interest of protecting their DPPA-regulated information. Each settlement class member will benefit from the injunctive relief that will be provided by the

proposed settlement, and the proposed settlement preserves the right of settlement class members to bring individual suits for actual damages if they wish.

The Court also finds proposed Class Counsel to be competent to undertake this litigation. Class Counsel have experience in class actions and complex litigation. Class counsel have also demonstrated vigorous prosecution of the class claims throughout the litigation and mediation. Class Counsel have adequately represented the interests of the proposed class. Accordingly, the Court is satisfied that the Named Plaintiffs and Class Counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). In this case, the Plaintiffs have moved to certify this class under Rule 23(b)(2). With respect to Rule 23(b)(2), parties seeking class certification must show that the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief . . . with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Any request for monetary relief must be "incidental" to the injunctive relief, *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001), but statutory-damages claims may be included in Rule 23(b)(2) classes as incidental to injunctive relief. *See, e.g., Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 465 (S.D. Fla. 2002). The proposed class-action settlement satisfies the elements of Rule 23(b)(2).

The Court finds that as to this conditional settlement class, Settling Defendants have acted on grounds generally applicable to the class as a whole. The Settling Defendants obtained the settlement class members' DPPA-regulated information originating from state DMV records, and made that information available for use or disclosure. The Court further finds that the statutory

liquidated damages claims released by the settlement are incidental to the injunctive relief. Any claims that class members may have for actual damages are preserved by the settlement and thus do not preclude certification under Rule 23(b)(2). Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(2) are satisfied. For the sole purpose of determining: (i) whether this Court should finally approve the proposed settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss the litigation with prejudice as to the Settling Defendants, the Court hereby certifies a conditional settlement class as follows: "All persons whose Personal Information or Highly Restricted Personal Information was obtained, used, or disclosed by any of the Settling Defendants from April 1, 1998 through Final Judgment." Federal judges, their first degree relatives, and officers and directors of the Settling Defendants are excluded from the class definition.

If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the settlement class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

### B.    Appointment of Class Counsel and Class Representatives

Having certified this nationwide class under Rule 23(b)(2), the Court is now required to appoint Class Counsel under Rule 23(g). Fed. R. Civ. P. 23(g)(1)(A). Furthermore, having considered the work Plaintiffs' counsel have done in identifying and investigating potential claims

in this action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are designated Class Counsel under Rule 23(g)(1):  Tod Aronovitz and Steven Jaffe, of Aronovitz Trial Lawyers; John A. Yanchunis and Mark S. Fistos, of James Hoyer Newcomer & Smiljanich, P.A.; David D. Welch, of David D. Welch Law Offices; Joel S. Perwin, of Joel S. Perwin, P.A.; Peter A. Portley, of Portley and Sullivan; Lawrence D. Goodman, of Devine Goodman Pallot & Wells, P.A.; James K. Green, of James K. Green, P.A.; and Jack Scarola and David Sales, of Searcy Denney Scarola Barnhart & Shipley, P.A.  The Court further designates Tod Aronovitz and John A. Yanchunis as Lead Class Counsel.

The following individuals are designated as the Class Representatives:  Richard Fresco, Carlos Barrett, Jeffrey Hy, Mary Ann Collier, Roy McGoldrick, Robert Pino, Kenneth Heretick, Russell V. Rosen, and Joel Levine.

### C. **Preliminary Approval of Proposed Settlement**

Under Rule 23(e)(1) the Court will approve a class-action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1).  Approval of a class-action settlement is a two-step process.  In the first step, the Court determines whether the proposed settlement should be preliminarily approved.  See David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004).  At the preliminary-approval step, the Court is required to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id*. § 21.632.  A proposed settlement should be preliminarily approved if it "is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the

proposed settlement." *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D. N.C. 1994) (quoting *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)).

In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement. See Annotated Manual for Complex Litigation §§ 21.633-35. Although the Court will not make a final decision regarding approval of the Settlement Agreement until later at the final approval hearing, the Court is well aware that its preliminary approval of the proposed settlement here will result in notice of the settlement being provided to the settlement class members at an estimated cost in excess of $2 million.

Turning to the specific terms of the Settlement Agreement, the Settling Defendants have agreed to implement an injunctive relief program that is designed to enhance compliance with the DPPA. The injunctive relief is multi-faceted and will benefit all settlement class members by enhancing the protection afforded their DPPA-regulated information. Those Settling Defendants that obtain, use, or disclose DPPA-regulated information will be required to take numerous steps to enhance DPPA compliance including: (a) conduct an internal assessment to evaluate DPPA compliance; (b) designate a DPPA compliance director, who reports directly to senior management; (c) develop a written DPPA compliance program, which will, among other things, identify DPPA products, implement DPPA compliance reviews for those products, and maintain records regarding the disclosure of DPPA-regulated information; (d) develop educational programs for employees regarding DPPA compliance; (e) establish credentialing and monitoring procedures for customers of DPPA products; (f) establish procedures to address suspected

non-compliance issues regarding employees and/or customers; and (g) engage an Independent, Third-Party Assessor to ensure the Compliance Program is being implemented.[2] In exchange for the injunctive-relief program, the Settlement Agreement releases settlement class members' claims for equitable relief, statutory liquidated damages, and punitive damages predicated on such claims, but it preserves the right of individual class members to bring individual claims for actual damages, subject to a waiver of the class-action procedural device.

In evaluating the proposed settlement and considering whether it should be preliminarily approved as fair, reasonable, and adequate, the Court has considered the following factors: (a) the absence of any collusion among the parties; (b) the significant risks of continued litigation; (c) the complexity, expense, and duration of the litigation; (d) the substantial injunctive relief that will be provided under the proposed settlement; (e) the advanced stage of the litigation; and (f) the judgment of experienced counsel for the parties.

First, the Court finds there is no evidence of collusion in this proposed settlement, which favors preliminary approval. Plaintiffs have submitted in support of their motion the affidavit of Rodney A. Max, an eminently qualified mediator appointed by this Court. In his affidavit, Mr. Max states that he spent 400 hours mediating this difficult case. (Max Aff. ¶ 12.) During that time, the parties engaged in more than twenty face-to-face sessions and numerous conference calls, during which time he "never witnessed or sensed any collusiveness between the parties. To the contrary, at each point during these negotiations, the settlement process was conducted at

---

[2] Settling Defendants Automotive Directions, ChoicePoint Precision Marketing Inc., and ChoicePoint Inc., have represented and warranted that they do not obtain, use, or disclose DPPA-regulated information. As part of the settlement, they have agreed to engage in reasonable discovery to confirm these representations. Further, they have agreed to the same injunctive relief should they later obtain, use, or disclose DPPA-regulated information consistent with the DPPA.

arms-length and, while professionally conducted, was quite adversarial." *Id*. ¶¶ 12-13. According to Mr. Max, "the caliber of the representation of both sides was extraordinary." *Id*. ¶ 12. Moreover, these negotiations took almost a year before resulting in a settlement. Finally, the Court is very familiar with the professionalism and integrity of many of the attorneys before it. Based on all of these factors, the Court is convinced that there is no evidence of collusion here.

Second, the parties face significant risks from continued litigation, which also favors preliminary approval of the settlement. Plaintiffs have advanced a novel claim based on a statute with relatively little case law interpreting it. While Settling Defendants have acknowledged that they obtain DPPA-regulated information, Plaintiffs have not yet established any statutory violation by any of the Settling Defendants or Plaintiffs' entitlement to any damages, and the Settling Defendants have denied any such violations or damages. Further, the class certification issue has not yet been litigated. Obviously, there is some risk that if that issue were to be litigated, the Court would find that the Plaintiffs' proposed class could not be certified for trial purposes. The Settling Defendants also face risks of continued litigation. If a class were to be certified for trial purposes, Settling Defendants would face an enormous class of plaintiffs.

The Court also finds the complexity, expense, and duration of this litigation favor preliminary approval of the proposed settlement. Were this matter to continue, numerous, complex issues of law would have to be resolved at the cost of considerable time and expense to the parties and the Court.

The substantial injunctive relief that will be provided under the proposed settlement also favors preliminary approval. The injunctive relief program described above addresses each level at which individuals interacting with the Settling Defendants could come into contact with

DPPA-regulated information and works to protect DPPA-regulated information from improper use or disclosure. In fact, the procedures required under the injunctive-relief program exceed the requirements of the DPPA.

Finally, the advanced stage of the litigation and the judgment of experienced counsel for the parties favor preliminary approval. This case was filed almost four years ago. The parties have engaged in substantial discovery. Vigorous and contentious motion practice has been present from the beginning, including a Motion for Judgment on the Pleadings joined by all Defendants, Plaintiffs' motions to compel discovery, Defendants' joint motion to preclude evidence, and Defendants' joint motion for summary judgment. Therefore, the parties and the Court are well placed to assess the strength of this case and the comparative benefits of the proposed settlement. Moreover, this proposed settlement is supported by experienced counsel for the parties. Plaintiffs are represented by eight law firms and many highly respected attorneys, including some with significant experience in other class actions. Similarly, Settling Defendants are represented by several leading Florida class action trial lawyers and some of the most respected corporate law firms in the country. The unanimous support of counsel for this settlement weighs strongly in favor of its approval.

Based on the foregoing considerations, the proposed settlement is hereby preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the final approval hearing described below. Named Plaintiffs and Settling Defendants are authorized and directed to take all actions that may be required prior to final approval by the Court of the proposed settlement and release set forth in the Settlement Agreement.

### D.     **Approval Of The Proposed Notice Plan**

As a preliminary matter, the parties agreed to provide notice of the proposed settlement to appropriate federal and state officials under the Class Action Fairness Act, 28 U.S.C. § 1715.  On December 27, 2006, Rust Consulting, Inc. sent CAFA Notice via Federal Express to the Attorney General of the United States; to the Attorneys General of all fifty states, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands; and to DMV officials in all fifty states and the District of Columbia.  On January 10, 2007, Settling Defendants filed a Certification of Compliance With Class Action Fairness Act ("CAFA"), certifying that notice of the proposed settlement was served on the appropriate federal and state officials by Federal Express within the time prescribed by CAFA.  (Docket No. 425.)  The Court has reviewed that CAFA notice and finds it to be proper and sufficient.  The Court further approves of the method of delivery.

Once preliminary approval of a settlement is granted, Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1)(B).

The parties have proposed to use Kinsella/Novak Communications, Ltd. and Rust Consulting, Inc. as the Notice Administrators.  The Court has reviewed materials about both of these organizations and has concluded they have extensive and specialized experience and expertise in class-action settlements and notice programs.  Kinsella/Novak has designed, implemented, or consulted on more than 250 class actions, parens patrie actions, and bankruptcies. (Novak Aff. ¶ 5).  Mr. Novak and Ms. Kinsella have also served as expert witnesses on the issue of class action notice programs and have authored publications on that subject.  *Id*. ¶¶ 8-9).  The Court hereby appoints Kinsella/Novak and Rust Consulting as the Notice

Administrators, to assist and provide professional guidance in the implementation of the notice plan and other aspects of the settlement administration. Rust Consulting shall be responsible for maintaining any records of, and keeping the Court and the parties apprised of, any objections or written statements filed by settlement class members or government officials.

The Court has evaluated the proposed notice plan to determine if it is reasonable. The notice plan that the parties have agreed upon in the Settlement Agreement is extensive and multifaceted. It employs a combination of publication and Internet notice designed to reach a significant number of settlement class members. The notice program provides for the following:

- A Class Settlement Website, which will contain important settlement documents, including the Settlement Agreement, the Long-Form Notice (in both English and Spanish), and this Order. The website will also include a description of the injunctive relief, answers to questions class members may have, and updates on the status of the settlement approval process;

- A toll-free telephone number, which provides settlement class members with access to recorded information, in English and Spanish, and with access to live operators to answer their settlement-related questions;

- Internet banner advertisements and the purchase of keyword/phrase sponsorships directing class members to the Class Settlement Website;

- An outreach program to state DMVs, which provides that settlement announcements, the URL for the Class Settlement Website, and the toll-free telephone number will be offered to more than 2,600 driver's license bureau and department of motor vehicle locations across the United States with the request that the notice materials be placed where the

    public can see them; and

- The publication of Summary Notice in various national newspaper supplements and consumer magazines, including Parade, USA Weekend, Reader's Digest, and 121 Spanish-language newspapers.

The notice plan was designed by Kinsella/Novak. Developing the notice plan in this case involved a study of the profile and media habits of the settlement class members and an evaluation as to what media sources would be appropriate to reach that audience. (Novak Aff. at ¶¶ 17, 21). Kinsella/Novak estimates that the comprehensive notice plan will reach approximately 85 percent of the settlement class members, who will each be reached by the notice an average of 3.3 times. *Id*. ¶ 35.

The Court has also reviewed the Long-Form Notice and Summary Notice attached as Exhibits A and B to the Settlement Agreement. After careful review of each of these notices, the Court has concluded that they concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on class members. Such notice of a Rule 23(b)(2) class settlement is designed to reach a significant number of class members and is otherwise proper under Rule 23(e)(1)(B).

Based on the foregoing, the Court hereby approves the notice plan developed by the parties and directs that it be implemented according to the Settlement Agreement and the notice

plan attached at Exhibit 3 to Plaintiffs' motion.[3] The Court finds that the notice plan constitutes reasonable notice under Rule 23(e)(1)(B) and satisfies due process. The settlement class is estimated to include more than 200 million individuals, and the cost to identify individual class members and to provide them with individual notice is not reasonable in these circumstances.

The cost of the Notice Plan shall be paid by the Settling Defendants according to the terms of the Settlement Agreement.

### E.   Procedure for Objection and Intervention

Any settlement class member who, or governmental entity that, wishes to object to the proposed settlement may do so by mailing a copy of the objection to "Objections – Fresco Notice Administrator," Rust Consulting, P.O. Box 296, Minneapolis, MN 55440-0296. The objection must be mailed and postmarked by **Tuesday, September 25, 2007**, and must include all of the following:

- The name of the case, Fresco, et al. v. Automotive Directions, Inc., et al., No. 03-61063-CIV-MARTINEZ;
- The objector's name, address, and telephone number;
- A statement of the objection and a summary of the reasons for the objection;
- Copies of any documents upon which the objection is based; and
- A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.

Any person who wishes to appear at the final approval hearing, either in person or through

---

[3] Non-substantive changes may be made to the Long-Form Notice and Summary Notice by agreement of Named Plaintiffs and Settling Defendants without further order of this Court.

counsel, in addition to providing the above information shall also:

- Identify the points the objector wishes to speak about at the hearing;
- Enclose copies of any documents on which the objector intends to rely at the hearing;
- State the amount of time the objector requests for speaking at the hearing; and
- State whether the objector intends to have a lawyer speak on his or her behalf.

Any lawyer who intends to appear or speak at the final approval hearing must enter a written notice of appearance of counsel with the Clerk of the Court no later than **Tuesday, September 25, 2007**. All properly submitted objections shall be considered by the Court.

Any objector who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any incentive awards to the Named Plaintiffs.

Any person wishing to intervene as a party to the litigation must file a motion to intervene with the Court no later than **Monday, September 10, 2007**.

### F.     Final Approval Hearing

A final approval hearing shall be held on **Wednesday, October 24, 2007 at 10:00 a.m.** for the purpose of determining whether the proposed settlement set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the litigation with respect to Settling Defendants is appropriate. The Court will also consider Class Counsel's request for attorneys' fees, costs, and expenses, and Named Plaintiffs' request for an incentive award. This hearing will be held at the United States Courthouse, United States District Court, Southern District of Florida, 301 North Miami Avenue, Miami, Florida 33128 in Judge

Martinez's Courtroom.

Counsel are directed to file any remaining briefs in support of the proposed settlement no later than **Monday, October 8, 2007**. Class Counsel are directed to file any material in support of their fee petition no later than **Thursday, October 12, 2007**.

The Court may (i) approve the Settlement Agreement, with such modifications as may be agreed to by the parties, without further notice; and (ii) adjourn the final approval hearing from time to time, by oral announcement at the hearing without further notice. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or in connection with the proposed settlement.

G. **Temporary Injunction to Preserve the Status Quo**

To preserve the status quo pending this Court's determination on whether to approve the Settlement, it is further **ORDERED** and **ADJUDGED** that

Under 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the settlement class members are temporarily enjoined from commencing, continuing or taking any action in any judicial proceeding in any state or federal court or any other judicial or arbitral forum against the released parties in the proposed Settlement with respect to any of the claims or issues covered by the proposed Settlement.

This Injunction is intended to immediately cease all litigation involving any of the claims or issues covered by the proposed Settlement in all courts and other judicial and arbitral tribunals throughout the United States. Any individual who wishes to object to, or comment on, this Settlement or certification will have the opportunity to be heard at the fairness hearing scheduled by this Court. This injunction will terminate at the time the Court determines whether to approve

the class certification and proposed Settlement (unless converted into a permanent injunction in the Order finally approving the Settlement) and, prior to that time, any request for relief from the injunction shall be made to this Court.

The Motion for Preliminary Approval of Proposed Settlement **(D.E. No. 411)** is **GRANTED**, consistent with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, May 11th, 2007.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record